IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TIGERSTRIPE PAINTBALL, LLC dba SPECIAL OPS PAINTBALL,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>HECKLER & KOCH, INC.; SUHLER USA, INC.; and CONTINENTAL INCORPORATED, INC. dba CONTINENTAL ENTERPRISES,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 1:09-CV-57-TC |

## INTRODUCTION

Plaintiff Tigerstripe Paintball, LLC d/b/a Special Ops Paintball (Tigerstripe), which designs and sells paintball guns, filed this declaratory judgment action against gun manufacturer Heckler & Koch, Inc. (Heckler), Heckler's parent company Suhler USA, Inc. (Suhler), and Heckler's agent Continental Enterprises (Continental) (collectively "Defendants"). Tigerstripe seeks a declaration that it is not in violation of the Lanham Act trademark law and a judgment awarding injunctive relief and damages for tortious interference with its current and future business relations.

Suhler and Continental, both out-of-state corporations, move for dismissal, contending

that the court lacks personal jurisdiction over them.[1]  Because Tigerstripe has failed to show that either Suhler or Continental has minimum contacts with Utah that arise out of or are related to Tigerstripe's claims, the court finds that it lacks personal jurisdiction over them.  Accordingly, Suhler's and Continental's Motion to Dismiss is GRANTED and they are DISMISSED from the case.[2]

## FACTUAL BACKGROUND

Tigerstripe (a Utah limited liability company) designs, manufactures, and sells paintball accessories and modifications for paintball guns.  Tigerstripe has a contract with non-party Tippmann Sports LLC (a paintball gun manufacturer based in Indiana) to supply Tippmann with modifications and accessories for Tippmann's line of paintball guns.

Heckler is a Virginia corporation with its primary place of business in Trucksville, Alabama.  Heckler, which manufactures and sells weaponry to military and law enforcement agencies, claims intellectual property rights in trademarks for its weapon designs.

Heckler is a wholly-owned subsidiary of Suhler.  Suhler is an Alabama corporation with

_____

[1]Defendants move in the alternative to transfer this action to the federal district court for the Southern District of Indiana, where Heckler filed a competing declaratory judgment action against Tigerstripe and others.  But before this court held a hearing on the current motion to dismiss, the federal court in Indiana transferred Heckler's action to Utah federal court.  Although the transferred case (Heckler & Koch v. Tippman Sports, Civil Action No. 2:09-CV-1134-CW (D. Utah)) has not been consolidated with this case, the transfer issue here is essentially moot and the court will not address it.

[2]Originally, Heckler also moved for dismissal based on lack of personal jurisdiction.  But it has since notified this court that it has made an appearance in the case transferred to Utah from Indiana (Heckler & Koch v. Tippman Sports, Civil Action No. 2:09-CV-1134-CW (D. Utah)), and that the arguments made on Heckler's behalf in the motion before the court are no longer applicable.  (See Docket Nos. 6 & 7 in 2:09-cv-1134; Docket No. 27 in this case.)  Accordingly, because Heckler has voluntarily submitted to the jurisdiction of the District of Utah, the jurisdiction issue raised by Heckler is moot.

its principal place of business in Birmingham, Alabama.

Heckler retained Continental (an investigative and consulting corporation concentrating on intellectual property rights) to police and protect Heckler's intellectual property within the United States.  Continental is an Indiana corporation with its principal place of business in Indianapolis, Indiana.

In January 2009, Continental, on behalf of Heckler, sent a cease-and-desist letter to Tippmann (in Indiana), alleging that Tippmann's sale of paintball guns incorporating Tigerstripe designs violated Heckler's intellectual property rights.  Specifically, Heckler alleged, through Continental, that the Tigerstripe modifications illegally copied Heckler's weapon designs in an attempt to make the recreational paintball guns look just like Heckler's real weapons.  The letter was not sent to Tigerstripe, but counsel for Tigerstripe responded to the allegations, contending that the claimed features were not valid trademarks or trade dress.

Between February 2, 2009, and April 6, 2009, Continental sent letters to customers of Tippmann, alleging that Tippmann's sale of paintball guns incorporating the modifications supplied by Tigerstripe violated Heckler's intellectual property rights.  Continental sent a similar letter to eBay, demanding that eBay cancel auctions being conducted on its website that included the allegedly infringing Tippmann products.  EBay is a Delaware corporation with its principal place of business in California.  As a result of Continental's letter, eBay cancelled the auctions.

Then, in March 2009, Continental, again on behalf of Heckler, sent a letter to Tigerstripe (in Utah)  reiterating the demands contained in its letter to Tippmann.  When it sent the letters to

Tippman and then Tigerstripe, Continental was acting as an agent of Heckler.[3]

Nothing in the record shows that Suhler was a party to any of the transactions or communications discussed above. Indeed, it is undisputed that none of the letters was sent from Suhler. The only allegation before the court is that Suhler is the parent of its wholly-owned subsidiary, Heckler. In the Complaint, the Defendants conflate Heckler and Suhler in their allegations but without any factual basis for doing so.[4]

Finally, there are no allegations, much less evidence, that either Suhler or Continental sells products within Utah, has a business relationship with any Utah entity, owns property in Utah, has offices or agents operating in Utah, is licensed to do business in Utah, advertises or solicits business in Utah, has employees in Utah, or pays taxes in Utah.

## ANALYSIS

The court may exercise personal jurisdiction over an out-of-state resident when the plaintiff establishes that jurisdiction is proper under Utah's long-arm statute and that exercising jurisdiction would not offend the due process clause of the Fourteenth Amendment. Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1295 (10th Cir. 1999). But because the Utah

---

[3]Tigerstripe acknowledges this fact in its opposition memorandum, where it states, "Continental's only connection to this case is that it is [Heckler's] agent in enforcing [Heckler's] so-called 'intellectual property rights' . . . ." (Mem. Opp'n Mot. Dismiss (Dkt # 21) at 3 ¶ 5; see also id. at 12 n.4 ("Again, Continental is merely the agent of [Heckler].").)

[4]During the hearing, Tigerstripe, through counsel, stated its suspicions that Suhler is the entity actually directing the "cease & desist" letter and litigation campaign against Tigerstripe and other companies throughout the United States. Based on its suspicions, Tigerstripe requested discovery on that issue. But Tigerstripe offered nothing but speculation to back up its suspicions. Moreover, nothing in the Complaint or papers addressing the jurisdiction issue even hints at the suspicions raised during the hearing. Accordingly, the court declined Tigerstripe's last-minute discovery request.

long-arm statute is co-extensive with due process, see Utah Code Ann. § 78B-3-201 (long-arm

provision extends "to the fullest extent permitted by the due process clause"), the court's analysis

focuses on whether Suhler and Continental have minimum contacts with Utah "such that the

maintenance of the suit does not offend traditional notions of fair play and substantial justice."

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

"In Utah, jurisdiction is appropriate only if plaintiff establishes that: (1) the defendant

conducted certain enumerated activities in Utah, and (2) there is a nexus between plaintiff's

claim and defendant's conduct."  Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1074 (10th Cir.

1995) (citing Utah's long-arm statute).  Specifically, according to Utah's long-arm statute,

> any person or personal representative of the person, whether or not a citizen or
> resident of this state, who, in person or through an agent, does any of the
> following enumerated acts is subject to the jurisdiction of the courts of this state
> as to any claim arising out of or related to:
> (1) the transaction of any business within this state;
> (2) contracting to supply services or goods in this state;
> (3) the causing of any injury within this state whether tortious or by breach of
> warranty . . . .

Utah Code Ann. § 78B-3-205 (2010).[5]

Plaintiff Tigerstripe has the burden of establishing a prima facie case of personal

jurisdiction, although at the preliminary stage of litigation, that burden is light.  Soma Med. Int'l

v. Standard Chartered Bank, 196 F.3d 1292, 1295 (10th Cir. 1999); OMI Holdings, Inc. v. Royal

---

[5]Tigerstripe does not argue that general jurisdiction exists, nor would such an argument succeed based on the record before the court.  See Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532-33 (10th Cir. 1996) (stating that general jurisdiction lies only when a defendant's contacts with a state are "continuous and systematic," such that it is not unfair for the state to exercise personal jurisdiction over the defendant even if the suit is unrelated to the defendant's contacts with the forum state).  Accordingly, the court only addresses the issue of whether it has specific jurisdiction over Suhler and Contintental.

Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998).  Moreover, absent an evidentiary

hearing, all factual disputes must be resolved in favor of Tigerstripe.  Bell Helicopter Textron,

Inc. v. Heliqwest Int'l, Ltd., 385 F.3d 1291, 1295 (10th Cir. 2004).

Despite Tigerstripe's light burden, Suhler and Continental contend that Tigerstripe has

not established minimum contacts with Utah or a nexus between Tigerstripe's claims and

Suhler's and Continental's actions, and so the court does not have personal jurisdiction over

either of the entities.  The court agrees.

In this case, it is undisputed that neither Suhler nor Continental is incorporated under the

laws of Utah or has its primary place of business in Utah.  But Tigerstripes justifies its position

by alleging that (1) Continental, on behalf of Heckler, sent a cease-and-desist letter to Tippman

(in Indiana) and eventually to Tigerstripe (in Utah); (2) that Heckler is a wholly-owned

subsidiary of Suhler; (3) that Heckler, through its agent Continental, informed eBay that certain

auctions involved the allegedly infringing products, and, according to Tigerstripe, eBay's

cancellation of those auctions based on Heckler's representations caused injury to Tigerstripe in

the form of tortious interference with business relations; and (4) that Heckler distributes guns

through third-party businesses located in Utah and that such guns have features or designs that

Tigerstripe is accused of illegally copying.

**Suhler USA Inc.**

When the court determines whether it has personal jurisdiction, it must analyze the

contacts of each individual defendant.  Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13

(1984) ("Each defendant's contacts with the forum State must be assessed individually.").

Tigerstripe's attempt to conflate Suhler with Heckler is unavailing.  And Tigerstripe has

not alleged, much less provided evidence, that Heckler is the alter-ego of Suhler or acting as Suhler's agent.  Suhler's status as the parent of wholly-owned subsidiary Heckler, by itself (and the court has nothing else), is insufficient to establish personal jurisdiction over Suhler.  See Keeton, 465 U.S. at 781 n.13 ("jurisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary"); Pro Axess, Inc. v. Orlux Distrib., Inc., 428 F.3d 1270, 1278, 1278 n.4 (10th Cir. 2005) (citing Keeton and noting that jurisdiction over subsidiary does not automatically create jurisdiction over a parent company); Benton v. Cameco Corp., 375 F.3d 1070, 1080-81 (10th Cir. 2004) (finding no personal jurisdiction over parent company in part because court lacked allegations or evidence that subsidiary was general agent or alter ego of parent); Quarles v. Fuqua Indus., Inc., 504 F.2d 1358, 1362 (10th Cir. 1974) ("[A] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity.").

With no minimum contacts attributed to Suhler, the court finds that it would offend traditional notions of fair play and substantial justice to exercise specific jurisdiction over Suhler in this case.  Accordingly, Suhler's motion to dismiss for lack of personal jurisdiction is granted.

**Continental Enterprises**

Tigerstripe contends that the court has personal jurisdiction over Continental for two reasons.  First, Continental sent a cease-and-desist letter to Tigerstripe in Utah.  Second, Continental's contact with eBay, made on behalf of Heckler, caused (and will continue to cause) tortious injury to Tigerstripe in Utah.

It is well established that cease-and-desist letters "are not sufficient to satisfy the requirements of Due Process in declaratory judgment actions."  Red Wing Shoe Co., v.

Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1360 (Fed. Cir. 1998); see also Overstock.com, Inc. v. Furnace Brook, LLC, 420 F. Supp. 2d 1217, 1219-21 (D. Utah) (cease-and-desist letters are not sufficient to establish personal jurisdiction); Rolling Thunder, LLC v. Indian Motorcycle Int'l, No. 2:07-CV-52, 2007 WL 2327590 at *3 (D. Utah Aug. 10, 2007) (same).  But adding the fact that Continental contacted eBay and that such contact resulted in tortious injury to a Utah entity is still not sufficient.

Continental was acting solely as Heckler's agent (as admitted by Tigerstripe).  And Continental notified eBay (a non-Utah corporation) that certain auctions on the website by sellers (who were not residents of Utah) would violate Hecker's intellectual property rights. Continental's actions should not be characterized as purposely availing itself of the privilege of conducting activities in the State of Utah.  See Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1327-28 (Fed. Cir. 2008) (holding, in declaratory action—where unfair competition and intentional interference with business relations were asserted—that cease-and-desist letters along with action encouraging Amazon.com to discontinue selling the allegedly infringing products did not create personal jurisdiction over defendant).

Given such an attenuated connection between Continental and Utah, the court finds that it would offend due process to exercise personal jurisdiction over Continental in this case. Accordingly, Continental is hereby dismissed as a Defendant.

## ORDER

For the foregoing reasons, the Defendants' motion to dismiss (Docket No. 15) is GRANTED as to Defendants Suhler USA, Inc. and Continental Incorporated, Inc. dba

Continental Enterprises, but DENIED AS MOOT for Defendant Heckler & Koch, Inc.

DATED this 28th day of January, 2010.

BY THE COURT:

TENA CAMPBELL
Chief Judge